(No. 36513.—

THE PEOPLE *ex rel.* Larsen and Company, Inc., Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion fileld January 23, 1962.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, and MARSILE J. HUGHES, Assistant Corporation Counsel, of counsel,) for appellant.

HOWARD & HOFERT, of Chicago, (EDWARD C. HOFERT, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The city of Chicago appeals from a declaratory judgment of the circuit court of Cook County holding the city's zoning ordinance unconstitutional in its application to plaintiff's property. Upon certificate of the trial judge the appeal

has been taken directly to this court. Ill. Rev. Stat. 1961, chap. 110, par. 75.

The property in question consists of two adjoining vacant lots located at Nos. 5963 and 5967 Northeast Circle Avenue, in the city of Chicago. They have a combined frontage of 100 feet on the avenue, and extend back about 200 feet to an alley in the rear. Circle Avenue is elliptical in form, and the plaintiff's lots, fronting on its outer periphery, have a total rear line at the alley of about 132 feet. The area is 23,258 square feet.

The property lies in an R-1 Single-Family Residence District. Plaintiff proposed to build two townhouse-type apartment buildings, running parallel to the sides of the tract and facing each other. Each would contain 7 apartments, with living rooms on the ground floor and bedrooms and bathrooms on the second floor. Parking spaces would be provided equal to the number of dwelling units.

Application for administrative relief having been denied, the plaintiff instituted the present action, charging that in preventing the desired use of the land the ordinance is arbitrary and unreasonable. The cause was referred to a master, who found, *inter alia,* that the property is unsuitable for single-family dwellings and that the proposed structures are compatible with the immediate neighborhood. The court concluded, on exceptions to the master's report, that the latter's findings were in accord with the weight of the evidence and that insofar as it prohibits the proposed use of the property the ordinance is unconstitutional and void.

To reverse the judgment the city argues that the evidence shows the property is in a neighborhood characterized by single-family residences, and that it was not shown to be totally unsuited for such use. The plaintiff insists that the surrounding area, although zoned to the south and west for single family use, is in fact devoted to commercial and apartment uses. It appears that the area north of and

adjacent to the subject premises is zoned and used for business purposes. A row of stores and other commercial establishments facing Nina Avenue, an intersecting thoroughfare, have their backs toward plaintiff's property along its entire 200-foot depth. Adjoining it on the south, on Circle Avenue, is a frame residence converted into a four-family apartment building, and several two-family and three-family converted structures are also in the same block as plaintiff's land. Across the street and about 100 feet north is a two story brick building formerly used as a Masonic Temple but now converted into a fourteen-apartment building. While the general area is comprised in most part of single-family residences, it is evident that these and other non-conforming uses have a substantial bearing upon the character of the immediate neighborhood.

On behalf of the plaintiff Carl L. Gardner, a city planner, and Raymond M. Hayes, a real-estate appraiser and broker, testified that the highest and best use of the property is for multi-family purposes and that it is not suited for single-family residence use. On defendant's behalf George J. Nollet, a city planner for the city of Chicago, testified that the highest and best use is a single-family one. Plaintiff's evidence shows that the subject property has a value of $12,000 as presently restricted, and that it would be worth $35,000 if the proposed use were permitted. These valuations are not questioned by defendant's witnesses, nor is there any evidence that the proposed construction would decrease the value of surrounding properties. On the contrary, the only evidence on the point tends to show that the values of neighboring properties would be enhanced.

On the present record we think the trial court was justified in declaring the ordinance invalid insofar as it prohibits the proposed use. The land has remained vacant and unused for many years, and as the master expressly found, its size, depth, and position adjacent to the rear of a row of small businesses make it highly unsuitable for the permitted use.

The decrease in value resulting from the restriction is substantial, and defendant has failed to show any benefit either to the immediate neighborhood or to the public as a whole. The preservation of light, air, safety, the relief of congestion and the like, to which defendant points in support of the ordinance, are general considerations attendant upon a reduced intensity in use wherever it may be enforced. But it has not been shown how or in what respect they are substantially served by the restriction as applied to this particular property.

In considering the validity of a given zoning ordinance each case must be decided upon its own particular facts, with due regard to the character of the neighborhood, the classification and use of nearby properties, the extent to which property values are diminished by the particular restriction, the suitability of the subject property for the zoned purposes and the gain to the public as compared to the hardship on the property owner. (*La Salle National Bank v. City of Evanston, post,* p. 59; *Hartung v. Village of Skokie,* 22 Ill.2d 485.) We have given consideration to each of these factors in the case at bar, and find ample support for the conclusion that the classification of plaintiff's land is unreasonable. To show an ordinance arbitrary in its application the law does not require that the land be totally unsuitable for the use to which it is restricted. It is enough that a substantial decrease in value results from a classification bearing no substantial relation to the public welfare. (*First National Bank v. County of Cook,* 15 Ill.2d 26.) Such is the case here.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*